IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **STANLEY FRIEDLER, M.D.,** *et al.*, | * | |
| | * | |
| Petitioners, | * | |
| | * | |
| v. | * | Civil Case No. SAG-22-0752 |
| | * | |
| **STIFEL, NICOLAUS & COMPANY, INC.,** *et al.*, | * | |
| | * | |
| | * | |
| Respondents. | * | |
| | * | |

*************

## MEMORANDUM OPINION

THIS MATTER concerns a petition/motion by Stanley Friedler, M.D., Gail Friedler, Richard Friedler, Milan Wister, M.D., Amy Wister, Philip Konits, M.D., Cindy Konitz, and Gordon Boone (collectively, "Petitioners") to vacate an arbitration award issued in favor of Stifel, Nicolaus & Company, Inc. ("Stifel") and Coleman Joseph Devlin (collectively, "Respondents"). ECF 1. Respondents filed an Opposition, ECF 22, with a multitude of exhibits, ECF 23-36, and Petitioners filed a Reply, ECF 39. The Motion to Vacate is now ripe for adjudication, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, the Motion will be denied.

I.   **FACTUAL BACKGROUND**

In 2010, Petitioners opened Stifel brokerage accounts with Devlin, a Senior Vice President of Investments, as their broker. Devlin exercised discretion in his management of Petitioners' accounts and, in Petitioners' view, engaged in excessively risky and unsuitable trading by: (1) concentrating their previously diversified portfolios, and (2) engaging in aggressive options trading, including put sales. Petitioners claim that Devlin lacked appropriate authorization from them to engage in these transactions and that his supervisor was aware of his inappropriate trading

activities.  Petitioners also allege that Devlin engaged in the prohibited practice of "selling away" by promoting to his customers an investment opportunity in a start-up that was not included in Stifel's business offerings, meaning that Stifel would not monitor the investment for suitability. Stifel eventually terminated Devlin for unauthorized trading and Petitioners transferred their accounts away from Stifel's management.  Although the accounts belonging to the Konitses had decreased in value from their original investments with Stifel, Petitioners collectively left Stifel with a combined gain of approximately $4.4 million.

In October, 2019, Petitioners filed a claim for arbitration with the Financial Industry Regulatory Authority ("FINRA"), seeking to recover what they allege to be lost value to their accounts from the unauthorized transactions.  ECF 1-3 at 2.  FINRA operates the largest securities dispute resolution forum in the United States, and has its own Code of Arbitration Procedure. Petitioners' FINRA claim, under case number 19-03232, resulted in hearings before a panel of three arbitrators: Steven Irving Platt, Betty Ann Stemley, and Beata Gruszecka.  *Id.*  The parties engaged in four pre-hearing sessions with that panel and then twenty-two hearing sessions, at which they presented extensive evidence and argument for the panel's consideration.  *Id.*

On January 13, 2022, FINRA delivered the arbitration panel's decision.  After considering the pleadings, testimony, and evidence presented at the hearings, the panel decided as follows:

1. Claimants' claims are denied in their entirety.
2. Any and all claims for relief not specifically addressed herein, including any requests for punitive damages, treble damages, and attorneys' fees, are denied.

ECF 1-3 at 3.  FINRA rules allow parties to request jointly an "explained decision" to accompany the claims' resolution.  Because Respondents did not ask for an explained decision, Petitioners' request for an explained decision was denied.

Petitioners then filed their Motion to Vacate the arbitration award in this Court, ECF 1.

## II.   LEGAL STANDARD

"Judicial review of an arbitration award in federal court is 'substantially circumscribed.'" *Three S. Delaware, Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007) (quoting *Patten v. Signator Ins. Agency, Inc.*, 441 F.3d 230, 234 (4th Cir. 2006)). "In fact, the scope of judicial review for an arbitrator's decision 'is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." *Id.* (quoting *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998)). "Courts may vacate or modify an arbitration award only under the limited circumstances listed in the Federal Arbitration Act … or under the common law if the award 'fails to draw its essence from the contract' or 'evidences a manifest disregard of the law.'" *UBS Fin. Servcs., Inc. v. Padussis*, 842 F.3d 336, 339 (4th Cir. 2016) (internal citation omitted) (quoting *Patten*, 441 F.3d at 234).

## III.   ANALYSIS

As their basis for seeking to vacate the award, Petitioners contend conclusorily that the arbitrators must have manifestly disregarded the law. *See generally* ECF 1, 39. Importantly, to "vacate an award under the manifest disregard theory, the arbitration record must show that (1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrator[ ] refused to heed that legal principle." *Wachovia Securities, LLC v. Brand*, 671 F.3d 472, 481 (4th Cir. 2012) (citation omitted). Accordingly, "proving manifest disregard require[s] something beyond showing that the arbitrators misconstrued the law, especially given that arbitrators are not required to explain their reasoning." *Id.*; *see also Constellium Rolled Products Ravenswood, LLC v. Un. Steel, Paper and Forestry*, 2020 WL 3104912, at *4 (S.D. W.Va. June

3

11, 2020). "An arbitration award is enforceable even if the award resulted from a misinterpretation of law, faulty legal reasoning or erroneous legal conclusion, and may only be reversed when arbitrators understand and correctly state the law, but proceed to disregard the same." *Upshur Coals Corp. v. United Mine Workers, Dist. 31*, 933 F.2d 225, 229 (4th Cir. 1991) (internal citations and quotation marks omitted).  In other words, it is the intent of the arbitrators to reject applicable law, not the quality of their good faith legal analysis, that determines whether their award may be vacated.

In this case, Petitioners do not come close to clearing this substantial legal hurdle.  Instead, Petitioners vociferously reargue the case they presented during the arbitration, both as to the facts and the law.  And Respondents, in turn, counter with the case that they presented during the arbitration on those same points.  Under FINRA rules, the parties could have jointly requested an "explained decision" from the panel, but did not do so because Respondents did not want to receive one.  This Court is left, then, with no record of the arbitrators' reasoning or procedure.  Because the arbitrators ruled for the Respondents and did not award any damages, there is nothing about the amount of the award that is unintelligible or confusing.  This Court cannot therefore find any ambiguity in the decision that might warrant remanding the case for further explanation.  And nothing about the panel's cursory decision suggests any intentional disregard of applicable legal standards.

Perhaps recognizing their inability to prove the arbitrators' refusal to adhere to governing law with any extrinsic evidence, Petitioners do not try.  Instead, they simply reargue the merits of their case, suggesting that no reasonable arbitrator could have reached the conclusion the panel delivered in this case.  In so doing, Petitioners ask this Court to speculate about the arbitrators' process and request the exact type of analysis the Fourth Circuit has deemed improper:

4

> A more searching review would render informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process and bring arbitration theory to grief. When parties consent to arbitration, and thereby consent to extremely limited appellate review, they assume the risk that the arbitrator may interpret the law in a way with which they disagree.

*Interactive Brokers LLC v. Saroop*, 969 F.3d 438, 443 (4th Cir. 2020) (internal citations and quotation marks omitted).

Even if a more intensive inquiry were appropriate, Petitioners have not even met their burden to show that the applicable law is "clearly defined and is not subject to reasonable debate." *Id.* (quoting *Jones v. Dancel*, 792 F.3d 395, 402 (4th Cir. 2015)). The lengthy memoranda filed in connection with this appeal illustrate the myriad factual and legal disputes that persist even today. As to the law, the parties dispute the standards for determining suitability, the nature of the fiduciary duties owed, and the proper method of damages calculations, among other issues. Certainly, Petitioners cannot show that the arbitrators understood and accepted any particular legal principle but refused to apply it.

In terms of the arbitration proceedings, the parties got what they bargained for. The arbitration panel considered the parties' pleadings, as well as the evidence and expert testimony presented at the lengthy hearing by both sides, and concluded that Respondents were not liable without elucidating any rationale. Sitting in review, this Court must assess "only whether the arbitrator did his job—not whether he did it well, correctly, or reasonably, but simply whether he did it." *Wachovia Securities*, 671 F.3d at 478 (quoting *U.S. Postal Serv. v. Am. Postal Workers Union*, 204 F.3d 523, 527 (4th Cir. 2000)). Here, the arbitrators did what they were asked to do – weigh the evidence and render a decision without further explanation. Petitioners therefore have not met their "heavy burden," *Patten*, 441 F.3d at 235, to show that their award should be vacated.

## IV.     CONCLUSION

For the reasons set forth above, the Motion to Vacate, ECF 1, is denied.  A separate Order follows.


Dated:  August 1, 2022

                                                                   /s/
                                                    Stephanie A. Gallagher
                                                    United States District Judge